JOURNAL ENTRY AND OPINION
{¶ 1} Ralph Watts Jr., ("Watts") appeals from the trial court's denial of his motion to reinstate the administrative appeal. Watts argues that the trial court had subject matter jurisdiction to hear the matter, the court erred when it dismissed the appeal, and the court erred when it refused to reinstate his appeal of the decision by Ohio Department of Insurance ("ODI") to revoke his bail bond license.
 {¶ 2} Since 1996, the ODI licensed Watts to sell bonds in the State of Ohio. On October 1, 2004, the ODI issued a seven-count Notice of Opportunity for Hearing, alleging that Watts violated R.C. 3905.14(B)(9) by engaging in fraudulent, coercive, or dishonest practices and violated R.C. 3905.932(B) by soliciting bail bond business on the property or grounds of a court. The notice informed Watts of his right to request a hearing on the allegations pursuant to R.C. Chapter 119.
 {¶ 3} Watts requested a hearing, and a duly appointed hearing officer heard the matter on March 17 and 18, 2005, in Cleveland, Ohio. After the close of the evidence, the hearing officer issued a report and recommendation, recommending that Watts' license be revoked. Watts filed objections to the report and recommendation. On July 26, 2005, Ann H. Womer Benjamin, Superintendent of the ODI, issued an order adopting the hearing officer's recommendation and revoking Watts' license to sell bail bonds in the State of Ohio.
 {¶ 4} On August 3, 2005, Watts sought to appeal the ODI's order by filing a notice of appeal with the Cuyahoga County Court of Common Pleas. Watts also alleged that on that same date, he mailed a notice of appeal to Ann H. Womer Benjamin at the ODI. However, because Watts failed to file the notice of appeal with the ODI, the ODI moved to dismiss the appeal. The ODI argued that Watts failed to comply with the mandatory filing requirements of R.C. 119.12 and that such failure deprived the Common Pleas Court of subject matter jurisdiction. Watts did not oppose the ODI's motion.
 {¶ 5} On October 18, 2005, the common pleas court granted the ODI's unopposed motion in the following order:
 "Respondents' motion, filed 9-1-2005, to dismiss for lack of subject matter jurisdiction is granted. The Supreme Court has held that when a statute confers a right of appeal, the appeal may be perfected only in the manner set forth in the statute. This includes complying with the mandatory filing requirement with the agency. The agency in this matter, The Department of Insurance, has not received appellant's notice of appeal. Therefore, the court lacks jurisdiction over this matter. Final * * *."
 {¶ 6} Thereafter, instead of filing a notice of appeal with this Court of Appeals, Watts filed a pleading entitled "Motion to Reinstate Appeal" on October 28, 2005. The ODI opposed this motion and the common pleas court conducted a hearing. On February 15, 2006, the common pleas court denied Watts' motion. Watts appeals from this decision, raising the five assignments of error contained in the appendix to this opinion.
 {¶ 7} However, in his assignments of error, Watts appeals the trial court's decision to dismiss his appeal for lack of subject matter jurisdiction. As stated above, Watts failed to appeal that decision, opting instead to file a motion to reinstate appeal. On April 20, 2006, the ODI filed a motion to dismiss Watts' appeal for lack of subject matter jurisdiction raising this same argument. On May 23, 2006, this court granted the ODI's motion to dismiss in part, finding the following:
 "This appeal is timely only as to the February 16, 2006 trial court decision. Appellant failed to file a timely appeal of the trial court's October 18, 2005 decision.
 {¶ 8} Although it is unfortunate that Watts did not have the opportunity to appeal the revocation of his bail bond license, Watts failed to timely appeal from the trial court's dismissal of his claim. Accordingly, the only issue presently before this court is whether the lower court abused its discretion when it denied Watts' Motion to Reinstate Appeal. Watts' first, second, and third assignments of error are an untimely appeal of the trial court's October 18, 2005 decision and, therefore, they will not be addressed. See May 23, 2006 order of this court.
 {¶ 9} In his fourth assignment of error, Watts argues that the trial court erred when it refused to grant his motion to reinstate the appeal. This assignment of error lacks merit.
 {¶ 10} In an appeal from an administrative agency's order, a reviewing trial court is bound to uphold the order if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law. R.C. 119.12; Pons v. Ohio State Medical Board, 66 Ohio St.3d 619,1993-Ohio-122. This appellate court's review is even more limited than that of the trial court. While it is incumbent upon the trial court to examine the evidence, this is not a function of the appellate court. Id. The duty of this court is to determine only if the trial court has abused its discretion. Id.
 {¶ 11} In the present case, the trial court found that Watts did not comply with R.C. 119.12 and, therefore, it did not have subject matter jurisdiction to hear his appeal. We cannot say the trial court abused its discretion when it made this determination.
 {¶ 12} As the trial court correctly found, this court previously held that depositing a notice of appeal in the mail does not satisfy the filing requirement set forth in R.C. 119.12. See Collins v. ClevelandUnit, Northeast Ohio Developmental Center (May 22, 1986), Cuyahoga App. No. 50496; Hickey v. The Ohio State Medical Board (June 12, 1986), Cuyahoga App. No. 50520. The trial court also found that, pursuant toHickey, the filing of the notice of appeal in a timely fashion is a jurisdictional requirement of R.C. 119.12 that cannot be waived and must be strictly followed. Accordingly, the trial court held that ODI's certification of the record did not abrogate Watts of his duty to comply with R.C. 119.12.
 {¶ 13} Based on the above, we find the trial court's decision is supported by reliable, probative, and substantial evidence, and is in accordance with the law. See R.C. 119.12; Collins, supra;Hickey, supra.
 {¶ 14} Watts' fourth assignment of error is overruled.
 {¶ 15} In his fifth and final assignment of error, Watts argues the trial court erred when "it refused to grant the appellant's motion in opposition to strike." This assignment of error lacks merit.
 {¶ 16} In the lower court proceedings, the ODI filed a motion to strike Watts' merit brief, or in the alternative, a motion for extension of time. Watts responded with a motion in opposition. However, between the time the ODI filed its motion to strike and Watts filed his memorandum in opposition, the trial court had dismissed the matter for lack of subject matter jurisdiction. Watts now claims as error, the trial court's failure to grant his memorandum in opposition.
 {¶ 17} The record reflects that the ODI moved for relief and Watts responded. Without requesting relief from the trial court, the court was without an avenue to grant relief. Moreover, once the trial court determined that it lacked subject matter jurisdiction, the ODI's motion to strike became moot.
 {¶ 18} Accordingly, Watts' fifth and final assignment of error is overruled.
 {¶ 19} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, JUDGE